## Case No. 3,698.

### DEALE v. KROFFT.

[4 Cranch, C. C. 448.][1]

Circuit Court, District of Columbia. March Term, 1834.

SET-OFF—DEBTS NOT DUE—PAYMENT — PLEADING —DRAFTS—RIGHTS OF INDORSER.

1. The defendant cannot set off the plaintiff's acceptance of the defendant's draft, not due at the commencement of the action, but due before plea pleaded; nor can it be allowed as payment on the general issue of non assumpsit.

2. If the last indorser take up a draft when due, he may cancel the names of the prior indorsers without impairing his title to recover as indorsee, against the acceptor.

3. Quaere, whether a payment after suit brought can be given in evidence on the general issue of non assumpsit.

Assumpsit on an open account assigned to Preston and Orme, on the 6th of March, 1833, and notice of the assignment given to Krofft on the 12th of March, 1833. The defendant gave notice of a set-off, namely, an acceptance by Deale of a draft at five months by Griffith in favor of Wyeth and Norris, due 28th March, 1833. This suit was brought on the 12th of March, 1833, and the acceptance had become due when the plea was pleaded. It had been discounted with the indorsement of Wyeth and Norris, and of A. & R. R. Griffith, in Baltimore and sent to the Patriotic Bank here for collection, where it was taken up by Griffith, when due, who cancelled the names of the indorsers, and put it into the hands of William Prout, a broker, who passed it to Krofft, who gave him the money for it. Mr. Prout testified that the names of the indorsers were cancelled only to prevent them from being liable, and not to prevent Krofft from recovering the money of Deale upon his acceptance.

Mr. Fendall, Mr. Hellen, and Mr. Brent, for plaintiff, contended that the defendant had not shown any title to the draft, as he was no party to it and could not recover upon it at law.

Mr. Coxe, for defendant, then contended that it was a payment; and that payment after the commencement of the action may be given in evidence on the general issue. Baylies v. Fettyplace, 7 Mass. 325; Phil. Ev.; Bird v. Randall, 3 Burrows, 1345.

THE COURT (MORSELL, Circuit Judge, absent) was of opinion that the cancelling of the names of the indorsers (blank indorsements,) for the purpose of preventing their liability, did not destroy the effect of the indorsements, so as to prevent the title to the bill from passing to the plaintiff. See Nevins v. De Grand. 15 Mass. 436.

THE COURT also decided, that the draft, not being due at the commencement of this action, could not be set off. 2 Saund. Pl.

[1] [Reported by Hon. William Cranch, Chief Judge.]

790; Evans v. Prosser, 3 Term R. 186; Hutchinson v. Reid, 3 Camp. 329; Eland v. Karr, 1 East, 376; Rogerson v. Ladbroke, 1 Bing. 93. But THE COURT said it was not evidence of payment.

Verdict for the plaintiff.